UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING LLC
a/a/o Pamela Martin and Robert Martin,

    Plaintiff,

v.                                        Case No. 2:19-cv-771-FtM-60NPM

ACE INSURANCE COMPANY OF THE
MIDWEST,

    Defendant.
_____/

## **ORDER DENYING "DEFENDANT'S MOTION TO DISMISS"**

This matter is before the Court on "Defendant's Motion to Dismiss," filed by counsel on October 29, 2019. (Doc. # 5). On December 3, 2019, Plaintiff CMR Construction & Roofing LLC ("CMR") filed a response in opposition to the motion. (Doc. # 18). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### **Background[1]**

At all relevant times, Pamela Martin and Robert Martin (the "Martins") had insurance coverage pursuant to a property insurance policy issued by Defendant ACE Insurance Company of the Midwest ("ACE"). The Martins' property sustained

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

significant damage due to Hurricane Irma. Following the loss, the Martins filed a claim with ACE. Subsequently, the Martins assigned certain rights, benefits, and proceeds under their insurance policy to CMR. The assignment of benefits states:

> Assignor hereby assigns any and all insurance rights, benefits, and proceeds under any applicable insurance policies to CMR Construction & Roofing, LLC. I make this assignment and authorization in consideration of CMR's agreement to perform services and supply materials and otherwise perform its obligations under this contract, including not requiring full payment at the time of service. I also hereby direct my insurance carrier(s) to release any and all information requested by CMR, is representative(s), or its attorney to the direct purpose of obtaining actual benefits to be paid by my insurance carrier(s) for services rendered or to be rendered. In this regard, I waive my privacy rights. I agree that any portion of work, deductibles, betterment, depreciation or additional work requested by the undersigned, not covered by insurance, must be paid by the undersigned on or before its completion.

(Doc. # 3-1).

Prior to filing this action, CMR sent ACE a repair estimate in the amount of $313,532.57 for damages to the Martins' home caused by the hurricane. However, ACE failed to pay the total amount owed for the estimated damages. On September 20, 2019, CMR, as assignee of the Martins, filed a one-count complaint for breach of contract in state court. CMR alleges that ACE breached the insurance policy by failing to pay the full amount due under the policy for the covered damages.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does

require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

In its motion, ACE argues that CMR lacks standing because it seeks payment as a purported assignee under an insurance policy for work it has not done and is not legally obligated to do. However, in Florida, following a loss, an assignee of insurance benefits has a common-law right to sue on a breach of contract claim. *See CMR Constr. and Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-cv-779-FtM-99UAM, 2019 WL 2281678, at *3 (M.D. Fla. May 29, 2019); *see also Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.*, 753 So. 2d 55, 57 ("The right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution.").

To the extent that ACE contends the assignment of benefits is invalid because it is not supported by adequate consideration, the Court finds such argument unavailing.

Initially, the Court notes that it is unclear whether ACE is entitled to challenge the assignment of rights based on this theory. *See Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1289 (Fla. 2d DCA 2005) (Davis, J., concurring) (citing *McCampbell v. Aloma Nat. Bank of Winter Park*, 185 So. 2d 756, 758 (Fla. 1st DCA 1966)). Regardless, it is improper to determine whether a contract is supported by adequate consideration at the motion to dismiss stage. *See Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1237 (S.D. Fla. 2015) (explaining that the issue of consideration is a question of fact that cannot be resolved at the motion to dismiss stage); *Skinner Nurseries, Inc. v. Etters*, 2007 WL 9718986, at *2 (M.D. Fla. Nov. 7, 2007) (concluding that issue concerning whether the contract was supported by adequate consideration was not ripe for decision at the motion to dismiss stage). Consequently, the motion to dismiss is denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss" (Doc. # 5) is hereby **DENIED**.

2. Defendant is directed to file an answer on or before February 7, 2020.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 17th day of January, 2020.

                                         **TOM BARBER**
                                         **UNITED STATES DISTRICT JUDGE**