## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING, LLC,
a/a/o Pamela Martin and Robert Martin,

      Plaintiff/Counter-Defendant,

v.                                Case No. 2:19-cv-771-FtM-60MRM

ACE INSURANCE COMPANY
OF THE MIDWEST,

      Defendant/Counter-Plaintiff.

_____/

## <u>ORDER DENYING MOTION TO DISMISS COUNTERCLAIM</u>

This matter is before the Court on "CMR Construction & Roofing, LLC's Motion to Dismiss Counterclaim of Ace Insurance Company of the Midwest," filed on March 31, 2020. (Doc. 23). On April 8, 2020, Defendant/Counter-Plaintiff Ace Insurance Company of the Midwest filed its response in opposition to the motion. (Doc. 24). After reviewing the motion, response, relevant authorities, court file and record, the Court finds as follows:

According to the allegations of the complaint, Defendant Ace Insurance Company of the Midwest ("ACE") issued a homeowner's insurance policy to Robert and Pamela Martin. Mr. and Mrs. Martin made a claim under that policy based on damages to their roof sustained due to Hurricane Irma in September 2017. The Martins then assigned certain benefits under their policy to CMR Construction & Roofing, LLC. ("CMR"). A dispute arose between ACE and CMR over the amount

necessary to compensate CMR for repairing the Martins' home.  CMR, as assignee of the Martins, filed an action in state court against ACE to recover amounts it claims are due for work necessary to repair the Martins' home.[1]  The action was subsequently removed to this Court on October 27, 2019.

ACE filed a counterclaim pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaratory judgment that CMR was acting as a "public adjuster" in violation of § 626.854, *F.S.*, and as a result, the assignment is void and CMR Construction lacks standing to bring an action against ACE.  *See* (Doc. 20, Counterclaim at ¶ 41).

CMR filed the instant motion to dismiss the counterclaim arguing that the allegation that CMR was acting as a public adjuster is "unsubstantiated," and the counterclaim is redundant because ACE can obtain the same relief through its affirmative defenses.  ACE responds by arguing that the question of whether CMR was acting as a "public adjuster" in violation of § 626.854, *F.S.,* is a question of fact that must be resolved through summary judgment, not a motion to dismiss, and the relief sought cannot be achieved through its affirmative defenses.

"A motion to dismiss a counterclaim under Rule 12(b)(6) 'is evaluated in the same manner as a motion to dismiss a complaint.'" *Maher v. Rockhill Ins. Co.*, No. 2:18-cv-807-FtM-99UAM, 2019 WL 5084093, at *1 (M.D. Fla. Feb. 6, 2019) (quoting *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla.

---

[1] It is not clear whether the Martins' roof has actually been repaired, or whether they are still waiting to get that done pending the outcome of this action.

2005)).  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'"  *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face."  *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

After reviewing the arguments and relevant authorities, it is apparent that the question of whether CMR was acting as a "public adjuster" in violation of § 626.854, *F.S.*, presents a question of fact that is not appropriately resolved by a motion to dismiss.  Moreover, ACE has alleged enough in its counterclaim to state a claim under the Federal Rules of Procedure.

The argument that the counterclaim is redundant is also insufficient to warrant dismissal.  Various courts in this jurisdiction have held that dismissal is not required even if a counterclaim is completely redundant. *Maher,* 2019 WL 5084093, at *3 (quoting *Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014)).  "Motions to dismiss made under Rule 12(b)(6) only test the validity of the claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid."  *Id.* (quoting *Wichael*, 2014 WL 5502442, at *2).

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1. "CMR Construction & Roofing, LLC's Motion to Dismiss Counterclaim of Ace Insurance Company of the Midwest" (Doc. 23) is hereby **DENIED**.

2. CMR is directed to file an answer to the counterclaim within 14 days of this Order.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 8th day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**